## CIRCUIT COURT OF BATH COUNTY

Murray Vines

    v.

Terrill Brazelton

May 2, 1979

Case No. 421

By JUDGE ROSCOE B. STEPHENSON, JR.

The issue presented is whether there must be a consideration in favor of a guarantor on a promissory note.

The defendant, Terrill Brazelton, contends that there must be such a consideration or the guaranty fails. He relies upon a number of Virginia cases, including *Goodrich Rubber Co.* v. *Fisch*, 141 Va. 261, 127 S.E. 187 (1925); *Bourne* v. *Board of Supervisors*, 161 Va. 678, 172 S.E. 245 (1934); *Patterson* v. *Shaver*, 165 Va. 298, 182 S.E. 261 (1935). These cases stand for the proposition that a guaranty is a separate contract which must be in writing and supported by an adequate consideration. It should be noted, however, that these cases were decided before the adoption of the Uniform Commercial Code (Code Section 8.1-101 et seq., Code of Virginia, 1950, as amended).

One of the purposes of the Code is "to simplify, clarify and modernize the law governing commercial transactions." Code § 8.1-102. In this case, Brazelton was a third party to a transaction (a promissory note) between the plaintiff, Murray Vines, and one Charles E. Spahr, and he (Brazelton) obligated himself to answer for the debt or default of Spahr. One who does this is referred to in the Code as a "surety." He is also referred to in the Code as an "accommodation party." Under the Code the word "surety" includes all "guarantors" (Code Section 8.1-201(40)) and all "accommodation parties." Code Section 8.3-415, Comment 1.

The following is taken from White and Summers, *Handbook of the Law under the Uniform Commercial Code*, Sec. 13-12, p. 427:

> In this section we deal with the legal consequences when a surety joins with the debtor on a negotiable instrument. One should not be intimidated by the vocabulary of suretyship law. Under the Code the word "surety" includes all "guarantors" and all "accommodation parties." A "guarantor" differs from an "accommodation party" only because he has added some words to his signature and has so altered (slightly or greatly) the liability he would have had if he had simply put his signature on the instrument as a mine-run accommodation party. Section 3-415(1) defines an accommodation party as "one who signs the instrument in any capacity for the purpose of lending his name to another party to it." Section 3-415(2) tells us that an accommodation party "is liable in the capacity in which he has signed." . . .
>
> The liability of a party who adds words of guarantee to his signature is governed by 3-416. If a party adds "payment guaranteed" to his signature, section 3-416(1) provides:
>
> " 'Payment guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party."
>
> Under 3-416(5) an endorser who adds "payment guaranteed" to his signature relinquishes any right to require presentment and notice of dishonor. Thus in the words of the Comment to 3-416, "the liability of the endorser becomes indistinguishable from that of a co-maker."

I am of opinion, therefore, that in view of the appropriate provisions of the Uniform Commercial Code, the defendant, Brazelton, is liable as an accommodation guarantor. Accordingly, an order will be entered granting the plaintiff judgment against the defendant in the amount of $5,000, with judgment interest thereon and costs.